Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| LEGNA ORTIZ LUGO<br><br>RECURRENTE<br><br>V.<br><br>EMPRESAS KLK, INC.<br><br>RECURRIDOS | TA2025RA00347 | *Revisión Judicial* procedente del Departamento De Asuntos Del Consumidor (DACO)<br><br>Querella Núm. MAY-2024-0005420<br><br>Sobre: Construcción |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, Juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 16 de enero de 2026.

## I.

El 13 de noviembre de 2025, la señora Legna Ortiz Lugo (señora Ortiz Lugo o recurrente) presentó digitalmente una *Solicitud de Revisión Judicial* en la que nos solicitó que revoquemos la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACO o foro recurrido) el 11 de septiembre de 2025.[1] Mediante dicho dictamen, el DACO ordenó el cierre y archivo de la *Querella* presentada por la recurrente dado que ésta no brindó cooperación para llevarse a cabo la inspección por el investigador de la agencia en su residencia.

En aras de auscultar nuestra jurisdicción sobre el recurso, el 14 de noviembre de 2025, emitimos una *Resolución* en la que le concedimos a la recurrente hasta el 20 de noviembre de 2025 para que sometiera la Moción de Reconsideración que alegó que presentó ante el DACO.[2]

---

[1] Véase apéndice núm. 8 de la entrada núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[2] Véase entrada núm. 3 del expediente digital del caso en el SUMAC-TA.

El 19 de noviembre de 2025, la recurrente presentó una *Moción en Cumplimiento de Resolución* con la cual acompañó la Moción de Reconsideración referida, presentada el 26 de septiembre de 2025.[3]

En consecuencia, el 24 de noviembre de 2025, emitimos una *Resolución* en la que le concedimos a KLK, Inc. (recurrida) y al DACO hasta el 15 de diciembre de 2025 para presentar sus respectivos alegatos en oposición al recurso.[4]

El 11 de diciembre de 2025, el DACO presentó una *Moción Informativa allanándonos a la solicitud de la parte peticionaria para que se revoque la Resolución y se devuelva el caso al foro administrativo para continuar con los procedimientos* en la que, reconociendo que erró, solicitó que le devolvamos el caso para que se lleve a cabo una nueva inspección y se continue con el procedimiento administrativo.[5]

Con el beneficio de la comparecencia del foro recurrido allanándose a la solicitud de la recurrente, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes a la atención del recurso.

**II.**

El caso de marras tuvo su génesis el 18 de octubre de 2024, cuando la señora Ortiz Lugo presentó una *Querella* en contra de KLK, Inc., sobre defectos en servicios de construcción. En síntesis, alegó que KLK, Inc., le llevó a cabo una instalación de gabinetes de cocina, los cuales resultaron defectuosos y no fueron corregidos a pesar de sus reclamaciones.[6]

Las partes fueron citadas para inspección el 21 de agosto de 2025, a las 10:00am en la residencia de la recurrente.[7] En la

---

[3] Íd., entrada núm. 4.
[4] Íd., entrada núm. 5.
[5] Íd., entrada núm. 6.
[6] Véase apéndice núm. 1 de la entrada núm. 1 del caso en SUMAC-TA.
[7] Íd., entrada núm. 4.

citación, el DACO apercibió a las partes sobre los efectos de la incomparecencia de estos a la inspección. Si la querellante no comparecía, procedería el cierre y archivo de la querella por falta de interés. En cambio, si el querellado no comparecía, se le impondrían sanciones.

La recurrida presentó una *Moción Informativa* fechada el 22 de agosto de 2025, en la que señaló que se presentó a la inspección, pero que la misma fue suspendida dado que el esposo de la recurrente no permitió su presencia en el lugar.[8] Por ello, solicitó la desestimación de la Querella.

El 27 de agosto de 2025, el DACO notificó el Informe de Investigación de Querella realizado por el investigador el 21 de agosto de 2025.[9] En este, investigador informó que no se llevó a cabo la inspección debido a que el esposo de la recurrente no permitió el acceso de la recurrida a la residencia objeto de la querella, a pesar de que se le notificó del derecho de dicha parte a estar presente durante la inspección.

El recurrido presentó una *Moción Informativa* fechada el 5 de septiembre de 2025, en la que argumentó que tiene derecho a estar presente en una vista ocular para tener la oportunidad de impugnar las alegaciones de la *Querella,* por lo que solicitó que se desestime la misma o se ordene una nueva inspección.[10]

El 11 de septiembre de 2025, el DACO emitió una *Resolución* en la que ordenó el cierre y archivo de la *Querella.*[11] En síntesis, resolvió que, de acuerdo con el informe de inspección, la recurrente no brindó cooperación para que la misma se llevara a cabo por el investigador del DACO al no permitir que la recurrida tuviera acceso a la residencia donde ubican los gabinetes objeto de la *Querella.* Así,

---

[8] Íd., entrada núm. 5.
[9] Íd., entrada núm. 6.
[10] Íd., entrada núm. 7.
[11] Íd., entrada núm. 8.

determinó que, sin la inspección y el informe de hallazgos, no era posible continuar con el proceso administrativo. Por ello, concluyó que la falta de cooperación de la recurrente equivale a falta de interés para continuar con la *Querella*.

Conforme surge del expediente ante nuestra consideración, el 26 de septiembre de 2025, la recurrente presentó una *Moción solicitando Reconsideración*.[12] En esta, alegó que su intención no fue incumplir con las órdenes del DACO y que la negativa correspondió a su desconocimiento sobre el derecho del recurrido a estar presente durante la inspección. Además, adujo que el apercibimiento de cierre y archivo en la *Citación de Inspección* no cumple con los requisitos de la Regla 10.1 del Reglamento de Procedimientos Adjudicativos del DACO, Reglamento Núm. 8034 de 13 de julio de 2011 (Reglamento Núm. 8034), puesto que debió emitir una orden de mostrar causa, previo a la desestimación de la *Querella*.

Tras no recibir respuesta del foro recurrido, el 13 de noviembre de 2025, la recurrente presentó el recurso de revisión judicial de epígrafe en el que formuló el siguiente señalamiento de error:

> **ERRÓ EL DACO AL DESESTIMAR LA QUERELLA SIN HABER EMITIDO UNA ORDEN DE MOSTRAR CAUSA, SIENDO LA DESESTIMACIÓN DE UNA CAUSA DE ACCIÓN LA ÚLTIMA DE LAS SANCIONES QUE DEBE IMPONER EL JUZGADOR.**

En síntesis, alegó que el apercibimiento que incluyó la *Citación de Inspección* no cumple con los requisitos de la Regla 10.1 del Reglamento Núm. 8034, *supra*, ni con el debido procedimiento de ley en su vertiente procesal. Adujo que el DACO debió emitir una orden de mostrar causa previo a la desestimación de la querella, toda vez que la desestimación debe imponerse como la última de las

---

[12] Vease entrada núm. 4 del expediente del caso en SUMAC-TA.

sanciones por razón de incumplimiento o desinterés. Asimismo, aludió a que el *Informe de Inspección de Querella* recomendó la celebración de una vista administrativa, razón por la cual no lo objetó.

Por su parte, el 11 de diciembre de 2025, el DACO presentó una moción allanándose a lo solicitado por la recurrente para que se revoque la resolución y se devuelva el caso al foro recurrido. En síntesis, el DACO alegó que, por un error en el sistema, la *Moción de Reconsideración* presentada por la recurrente no llegó a la atención de la jueza administrativa que atendió la *Querella*. Además, reconoció el error señalado por la señora Ortiz Lugo y expresó que la determinación de desestimar la querella fue muy drástica. Así las cosas, el propio foro recurrido concluyó que corresponde la devolución del caso ante su consideración para que éste proceda a citar a las partes a una nueva inspección ocular. Por lo cual, solicitó que se devuelva el caso a la agencia para continuar con los trámites administrativos correspondientes.

**III.**

**A.**

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 2017, según enmendada, 3 LPRA secs. 9601 *et seq.* (LPAU), establece el alcance de la revisión judicial de las determinaciones de las agencias administrativas. A tenor de esta y la jurisprudencia aplicable, la revisión judicial consiste, esencialmente, en determinar si la actuación de la agencia se dio dentro de las facultades que le fueron conferidas por ley, si es compatible con la política pública que la origina y si es legal y razonable. ***Capó Cruz v. Junta de Planificación***, 204 DPR 581, 590-591 (2020); ***Rolón Martínez v. Supte. Policía***, 201 DPR 26, 35 (2018).

La LPAU dispone que una parte adversamente afectada por una orden o resolución de una agencia puede acudir en *Revisión Judicial* al tribunal siempre y cuando haya agotado los remedios administrativos. ***Edward Simpson v. Consejo de Titulares y Junta de Directores del Condominio Coral Beach***, 214 DPR 370, 378 (2024). Específicamente, la Sección 4.2 de la LPAU, *supra*, sec. 9672, dispone que una parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, en un término de treinta (30) días contados a partir de la fecha del archivo en autos de copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de dicha ley (3 LPRA sec. 9655), cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

La revisión judicial de una decisión administrativa se circunscribe a analizar lo siguiente: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho realizadas por la agencia estuvieron sustentadas por prueba sustancial que surgió del expediente administrativo, y (3) si, mediante una revisión completa y absoluta, las conclusiones de derecho fueron correctas. ***Otero Rivera v. Bella Retail Group, Inc.***, 214 DPR 473, 484-485 (2024); ***Rolón Martínez v. Supte. Policía***, supra, pág. 35-36.

Al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la <u>razonabilidad</u> en la actuación de la agencia. ***Rebollo v. Yiyi Motors,*** 161 DPR 69, 76 (2004). Cónsono con ello, será necesario determinar si la agencia actuó de forma arbitraria, ilegal o de manera tan irrazonable que su actuación constituyó un abuso de discreción. ***Rolón Martínez v. Supte Policía,*** supra; ***Rebollo v. Yiyi Motors,*** supra.

Por otro lado, la sección 4.5 de la LPAU dispone que, las determinaciones de hechos de las decisiones de las agencias se mantendrán por el tribunal de basarse en evidencia sustancial que surja del expediente administrativo. LPAU, *supra*, sec. 9675. Es menester señalar que, las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. LPAU, *supra*, sec. 9675.

Ahora bien, cuando se trate de conclusiones de derecho que no envuelvan interpretaciones dentro del área de especialización de la agencia, éstas se revisarán por los tribunales sin circunscribirse al razonamiento que haya hecho la agencia. ***Capó Cruz v. Jta de Planificación et al.,*** supra; ***Pacheco v. Estancias,*** 160 DPR 409, 432 (2003); ***Rivera v. A & C Development Corp.,*** 144 DPR 450, 461 (1997).

Es norma reiterada de derecho que los foros revisores le concederán gran deferencia y consideración a las decisiones de las agencias administrativas, debido a la vasta experiencia y el conocimiento especializado sobre los asuntos que le fueron delegados. ***Graciani Rodríguez v. Garaje Isla Verde,*** 202 DPR 117, 126 (2019); ***Rolón Martínez v. Supte. Policía,*** supra.

Sin embargo, recientemente, el Tribunal Supremo, en ***Vázquez v. Consejo de Titulares***, 216 DPR ___ (2025), 2025 TSPR 56 (resuelto el 21 de mayo de 2025), haciendo eco de lo resuelto en ***Loper Bright Enterprises v. Raimondo***, 603 U.S. 369 (2024), dictaminó que la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. De esa manera, enfatizó la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU. ***Vázquez v. Consejo de Titulares***, supra. Por ello, se pautó que será deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos, por los mecanismos interpretativos propios del Poder

Judicial y no guiados por la deferencia automática. ***Vázquez v. Consejo de Titulares***, supra.

Por las razones antes aludidas, las decisiones de las agencias administrativas gozan de una presunción de regularidad y corrección. ***Capó Cruz v. Jta de Planificación et al.,*** supra, pág. 591; ***Rolón Martínez v. Supte. Policía,*** supra; ***García Reyes v. Cruz Auto Corp.,*** supra. La presunción de corrección que acarrea una decisión administrativa deberá sostenerse por los tribunales a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo. ***Misión Ind. P.R. v. J.P.,*** 146 DPR 64, 130 (1998).

La deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. ***Super Asphalt v. AFI y otros,*** 206 DPR 803, 819 (2021); ***Torres Rivera v. Policía de Puerto Rico,*** 196 DPR 606, 628 (2016).

Dichos procedimientos se distinguen del proceso judicial ordinario al promover la flexibilidad y proveer un mecanismo más económico para que la ciudadanía reclame sus derechos. ***Acarón et al. v. D.R.N.A.,*** 186 DPR 564, 583 (2012). No obstante, la flexibilidad e informalidad del proceso administrativo, es menester que los mismos cumplan con "las garantías mínimas que exige el debido proceso de ley, ya que las decisiones administrativas tienen el alcance de afectar los intereses propietarios o libertarios de las personas". *Íd.*

**IV.**

En el caso de marras, la recurrida nos solicitó que revoquemos una *Resolución* emitida por el DACO que ordenó el cierre y archivo de la *Querella* por entender que hubo falta de interés en continuar el procedimiento administrativo. Esto, porque la recurrente no permitió que el recurrido presenciara la inspección ocular que se proponía a realizar el investigador de la agencia en su residencia.

Surge del expediente ante nuestra consideración, que la recurrente presentó oportunamente una *Moción de Reconsideración* ante el DACO. No obstante, el foro recurrido no la atendió dentro del término reglamentario. Por ello, la recurrente acudió ante nos a solicitar la revisión de la determinación final de la agencia.

Empero, dentro del término concedido para oponerse al recurso, el DACO compareció ante esta curia y se allanó a la solicitud de la recurrente para que el caso se devuelva ante su consideración. Según alegó, la referida *Moción de Reconsideración,* por un error de sistema, no llegó a la atención de la jueza administradora que emitió la *Resolución* recurrida, razón por la cual no fue atendida oportunamente. Además, el foro recurrido coincidió con la recurrente en que incurrió en el error señalado. Por lo cual, propiamente, el DACO solicitó que se devuelva el caso para que se cite a las partes a una nueva inspección y se continúe con el trámite administrativo correspondiente.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta practica adjudicativa apelativa, resolvemos que corresponde devolver el caso ante el foro recurrido. El DACO se allanó a la solicitud de la recurrente para que se revoque la determinación recurrida y, además, reconoció que la señora Ortiz Lugo presentó oportunamente una *Moción de Reconsideración* que el foro recurrido no atendió. Por lo cual, acogemos la solicitud del DACO y se revoca la determinación final recurrida de archivar la

*Querella* presentada por la señora Ortiz Lugo para que se continúe el trámite administrativo correspondiente.

## V.

Por los fundamentos que anteceden, se revoca la *Resolución* recurrida y devuelve el caso al DACO para la continuación de los procedimientos administrativos conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones